|! STEWART, J.,
dissenting.
The majority goes through great lengths to reach a conclusion that is clearly at odds with the facts and evidence presented by the instant case. Therefore, I am compelled to respectfully dissent. I fail to understand how the majority finds Indianapolis v. Edmond, 531 U.S. 32, 121 S.Ct. 447, 148 L.Ed.2d 333 (2000) applicable to this case. Edmond involved a class action by motorists who alleged that drug interdiction checkpoints violated their Fourth Amendment protection against unreasonable searches and seizures. The Edmond court held that the checkpoints were illegal because their purpose was indistinguishable from a general interest in crime control and thus were distinct from other court upheld checkpoints such as those whose goal was to discourage illegal aliens (see U.S. v. Martinez-Fuerte, 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116) or removing drunk drivers from the road (Michigan Dept. of State Police v. Sitz, 496 U.S. 444, 110 S.Ct. 2481, 110 L.Ed.2d 412). This matter does not involve checkpoints by highway patrolman or city police officers. It involves a campus police officer that clearly exceeded his authority and illegally detained a citizen without any reasonable suspicion of crime in contravention of his Fourth Amendment rights.
The majority’s conclusion that Officer Sasser was justified in making an investigatory stop because of suspicion of crime flies in the face of Officer Sasser’s own testimony wherein he stated that he did not suspect that a crime had taken place, but rather that someone was acting silly. While silliness might be a sign of immaturity if it is acted on in an improper 12context, it certainly is not illegal. Moreover, silliness does not divest one of constitutional protections against illegal search and seizure. The majority seems to ignore the fact that Officer Sasser is a campus police officer whose primary area of responsibility is the Louisiana Tech campus and areas immediately contiguous thereto. This is not an instance of a crime being committed on Louisiana Tech property that was being investigated in the city, nor was this stop necessary for any “intelligence gathering” necessary for the discharge of Officer Sasser’s duties. In fact, Officer Sasser was not seeking information, but was going to issue a warning to the person he suspected of squealing tires. This is not a “disturbance of public concern” as described the majority any more than a car backfiring or a horn honking.
The majority recognizes the increase of crime near college campuses while ignor *351 ing the common nature of parking lot incidents such as this one wherein a young adult or adolescent is goofing off and does something like this while showing off for friends. It is constitutionally insufficient to justify a investigatory stop by a campus police officer, in an area not contiguous to the campus that employs him, for the purpose of illegally detaining a person not suspected of criminal activity under the guise of protecting the community from general incidents of crime. The Edmond court recognized that general incidence of crime in an area alone is constitutionally insufficient to justify an investigatory stop of this nature.
A review of the salient facts in the record reflects that Officer Sasser merely heard some tires squealing in the vicinity of the Louisiana Tech campus. He did not see the vehicle that made the noise with the tires, nor 13did he know of its location. He further admitted that he did not suspect that any criminal activity was taking place.
Further, Officer Sasser exceeded his authority as a campus police officer. From the time he heard the tires squealing until the time he approached and detained the defendant, he was not on university property, nor had he traversed any street contiguous with the perimeter of any university property. Thus, I believe that the majority erred in affirming the trial court.
APPLICATION FOR REHEARING
Before BROWN, STEWART, GASKINS, CARAWAY, and DREW, JJ.
Rehearing denied.
STEWART and DREW, JJ., would grant rehearing.